Dear Superintendent Hoyle:
You have requested an opinion of the Attorney General's Office relative to the responsibility, of the Plaquemines Parish School Board (Board) to share in the expenses of the Plaquemines Parish Assessor's Office (Assessor's Office). You specifically ask whether the Board is responsible for a pro rata share of the expenses of the Assessor's Office, even though the Plaquemine Parish Assessment District (District) was established for the purpose of funding the Assessor's Office.
As you are aware, R.S. 33:4713 provides for the funding of the expenses of the Assessor's Office. It provides, in pertinent part, the following:
 § 4713. Providing quarters for court and parish officers
 Each parish shall provide such other offices as may be needed by the assessors of the parish and shall provide the necessary heat and illumination therefor.
 The cost of such furniture and equipment, supplies and maps, as may be needed by the assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share.
R.S. 47:1925.2 is the statutory authority for the creation of the District. Section 1925.3 authorizes the District to levy taxes and provides, in pertinent part, the following:
 § 1925.3 Method of taxation; referendum to increase taxes beyond initial authorization
 A. . . . the district hereby created shall levy a tax on the assessed valuation of all taxable property appearing on the 1985 and subsequent tax rolls, without a vote of the people, in an amount that will produce for the district in the initial year that the option is exercised the same revenue as that authorized by law to be deducted pro rata from that year's tax roll for the assessor's salary and expense fund. (Emphasis added.)
We further direct your attention to R.S. 47:1906 which provides, in pertinent part, for the salaries and expenses for the Assessor's Office.
 § 1906. Salaries and expense funds; Orleans excepted
 A. There shall be a fund for the payment of the salaries and allowances of the assessors, and all recipients of taxes, whether state, parish, school, levee, drainage or others, shall contribute their full proportion of the total due in accordance with the amount of taxes to be received by each. The pro rata due the assessor's salary and expense allowance, except exempted municipalities, shall be remitted direct to the assessor by the sheriff and ex officio tax collector from the first tax collections when the tax rolls are filed each year, and prorated among the state, parish, school, levee, drainage and other recipients of taxes in proportion to the amount of taxes to be received by each. (Emphasis added.)
It is the opinion of this office that the funding provided for in Section 1925.3, quoted above, is meant to replace only the pro rata deductions referred to in R.S. 47:1906 for the Assessor's Salary and Expense Fund. Accordingly, the establishment of the District does not relieve the Police Jury of its obligation to provide the Assessor with the equipment enumerated in Section 4713. In accord are Attorney General Opinion Nos. 94-269 and 88-79-A.
We find support for our opinion from the language in Section 4713 that the ". . . police jury . . . shall make these purchases, and then bill the other tax recipients for their proportionate share". Section 4713 makes no reference whatsoever to "pro rata deductions" from tax receipts. The "pro rata deductions" clearly reference Sections 1925.3 and 1906. In accord are Attorney General Opinion Nos. 99-4, 97-262, 95-45 and 94-269.
In conclusion, it is the opinion of this office that the utilization of the District for the funding of the Assessor's Salary and Expense Fund does not relieve the School Board of its obligations to the Police Jury to share in the equipment expenses enumerated in R.S. 33:4713.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj